FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2023 APR -6  AM II: 16

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.                                    CASE NO.  8:23-cr-82-WFJ-CPT

DANIEL CRISTIAN HULEA                 18 U.S.C. § 371
   a/k/a "Diego Jesus"                18 U.S.C. § 1349



## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
#### (Computer Fraud Conspiracy)

#### A.    Introduction

At times material to this Superseding Indictment:

1.    CONSPIRATOR #1 was a citizen and resident of Poland.

CONSPIRATOR #1 created and operated a webhosting company named

LolekHosted. Through LolekHosted, CONSPIRATOR #1 provided

"bulletproof" webhosting services, that is, secure webhosting designed to

facilitate malicious and criminal activities.

2.    The NetWalker Ransomware was a ransomware variant

facilitated by LolekHosted. The NetWalker Ransomware operated as a

Ransomware-as-a-Service ("RaaS"), featuring developers and affiliates. Under

SEALED

that model, Russian-speaking developers were responsible for creating, updating, and advertising the ransomware, and making it available to the affiliates. The affiliates were responsible for identifying and attacking high-value victim companies using the ransomware. After victims paid ransoms, the developers and affiliates shared in the proceeds.

3.    The NetWalker Ransomware was deployed on approximately 400 victim companies—including municipalities, hospitals, law enforcement and emergency services, school districts, colleges, and universities—resulting in the payment of more than 5,000 bitcoin in ransoms.

4.    Defendant DANIEL CRISTIAN HULEA, a/k/a "Diego Jesus," was a citizen and resident of Romania, and CONSPIRATOR #3 was a citizen and resident of Canada. Both acted as affiliates for the NetWalker Ransomware. HULEA and CONSPIRATOR #3 used the services of LolekHosted to execute approximately 50 NetWalker Ransomware attacks on victims located all over the world, including in the Middle District of Florida, resulting in the payment of more than 1,500 bitcoin in ransoms.

### B.    The Conspiracy

5.    Beginning on an unknown date, but no later than in or around April 2020, and continuing through the date of this Superseding Indictment, in the Middle District of Florida and elsewhere, the defendant,

2

DANIEL CRISTIAN HULEA,
a/k/a "Diego Jesus"

did knowingly and willfully conspire and agree with others, both known and unknown to the Grand Jury, to commit offenses against the United States related to NetWalker Ransomware attacks, that is, to knowingly cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally cause damage without authorization to a protected computer, and the offense caused and would, if completed, have caused:

a.    loss to one or more persons during a one-year period and loss from a related course of conduct affecting one or more protected computers, aggregating at least $5,000 in value, and

b.    damage affecting 10 or more protected computers during a one-year period, in violation of 18 U.S.C. § 1030(a)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B)(i).

## C.    Manner and Means

6.    The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

3

      a.    It was part of the conspiracy that CONSPIRATOR #1 would and did facilitate the malicious and criminal activities of LolekHosted clients by allowing clients to register accounts using false information, not maintaining Internet Protocol ("IP") address logs of client servers, frequently changing the IP addresses of client servers, ignoring abuse complaints made by third parties against clients, and notifying clients of legal inquiries received from law enforcement.

      b.    It was further part of the conspiracy that HULEA and CONSPIRATOR #3 would and did create LolekHosted client accounts under false names for the purpose of committing NetWalker Ransomware attacks.

      c.    It was further part of the conspiracy that HULEA and CONSPIRATOR #3 would and did use the servers of LolekHosted to store hacking tools for use in furtherance of NetWalker Ransomware attacks.

      d.    It was further part of the conspiracy that HULEA and CONSPIRATOR #3 would and did use the servers of LolekHosted as proxies—that is, as intermediary servers designed to obscure the locations of the originating computers—when gaining unauthorized access to NetWalker Ransomware victim networks.

4

    e.      It was further part of the conspiracy that HULEA and CONSPIRATOR #3 would and did use the servers of LolekHosted to store data stolen from NetWalker Ransomware victims.

    f.      It was further part of the conspiracy that HULEA and CONSPIRATOR #3 would and did use ransoms from NetWalker Ransomware attacks to pay monthly LolekHosted invoices.

    g.      It was further part of the conspiracy that CONSPIRATOR #1 used the proceeds derived from monthly LolekHosted invoices to pay for the datacenter housing client data.

    h.      It was further part of the conspiracy that the conspirators would and did perform acts and make statements to misrepresent, hide and conceal, and cause to be misrepresented, hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

### D.    Overt Acts

7.     In furtherance of the conspiracy and to effect its objects, conspirators committed the following overt acts, among others, in the Middle District of Florida and elsewhere:

    a.      On or about August 29, 2014, CONSPIRATOR #1 registered the domain for LolekHosted;

5

b.      Beginning on an unknown date, but no later than on or about December 19, 2014, CONSPIRATOR #1 advertised that LolekHosted was "bulletproof," provided "100% privacy hosting," and allowed clients to host "everything except child porn;"

c.      On or about February 21, 2017, HULEA created a LolekHosted account;

d.      On or about April 18, 2017, CONSPIRATOR #1 confirmed to HULEA that the servers of LolekHosted were "bulletproof;"

e.      On or about November 23, 2017, CONSPIRATOR #1 confirmed to HULEA that CONSPIRATOR #1 would not share client information with law enforcement;

f.      On or about November 10, 2019, CONSPIRATOR #1 confirmed to an unidentified client that CONSPIRATOR #1 allowed clients to host ransomware on the servers of LolekHosted;

g.      On or about May 1, 2020, HULEA and CONSPIRATOR #3 jointly committed a NetWalker Ransomware attack on a victim located in the Middle District of Florida;

h.      On or about May 4, 2020, CONSPIRATOR #1 sent HULEA an abuse report related to "NetWalker Ransomware" that had been hosted on a server leased from LolekHosted by HULEA;

6

i.      On or about May 9, 2020, HULEA and CONSPIRATOR
#3 jointly committed a NetWalker Ransomware attack on a victim located
outside of the United States;

j.      On or about May 27, 2020, and based upon the referral of
HULEA, CONSPIRATOR #3 created a LolekHosted account;

k.      On or about June 2, 2020, using a server leased from
LolekHosted by HULEA, HULEA and CONSPIRATOR #3 jointly
committed a ransomware attack on a victim located in the Eastern District of
Pennsylvania;

l.      On or about June 19, 2020, using a server leased from
LolekHosted by CONSPIRATOR #3, CONSPIRATOR #3 created an
account with a cloud storage provider for the purpose of storing data stolen
from NetWalker Ransomware victims; and

m.      On or about September 15, 2020, CONSPIRATOR #3
possessed customized NetWalker Ransomware deployment packages, hacking
tools, and data stolen from victim companies on a server leased from
LolekHosted.

All in violation of 18 U.S.C. § 371.

7

## COUNT TWO
### (Wire Fraud Conspiracy)

8.      The allegations contained in Sections A and C of Count One of this Superseding Indictment are incorporated by reference as though fully set forth herein.

9.      Beginning on an unknown date, but no later than in or around 2020, and continuing through the date of this Superseding Indictment, in the Middle District of Florida and elsewhere, the defendant,

**DANIEL CRISTIAN HULEA,**
a/k/a "Diego Jesus"

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to commit wire fraud, by knowingly and with intent to defraud devising and intending to devise a scheme and artifice to defraud, and for obtaining money and property, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme and artifice to defraud, knowingly transmitting and causing to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

All in violation of 18 U.S.C. § 1349.

8

## FORFEITURE

1.      The allegations contained in Counts One and Two of this Superseding Indictment are realleged and incorporated as if set forth fully here for the purpose of alleging forfeiture.

2.      Upon conviction of a conspiracy to violate 18 U.S.C. § 1030 (18 U.S.C. § 371), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1030(i), any personal property used or intended to be used to commit the offense.

3.      Upon conviction of conspiracy to violate 18 U.S.C. § 1343 (18 U.S.C. § 1349), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

4.      The property to be forfeited includes, but is not limited to, a judgment in the amount of at least $21.5 million, representing the amount of proceeds obtained by the defendant from the offenses.

5.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

9

      b.   has been transferred or sold to, or deposited with, a third

party;

      c.   has been placed beyond the jurisdiction of the court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be

divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18

U.S.C. § 982(b)(1).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: Carlton C. Gammons
Assistant United States Attorney
Middle District of Florida

By: Sonia V. Jimenez
Trial Attorney
U.S. Department of Justice

By: Rachelle DesVaux Bedke
Chief, Economic Crimes Section
Middle District of Florida

10

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

DANIEL CRISTIAN HULEA
a/k/a "Diego Jesus"

SUPERSEDING INDICTMENT

Violations: 18 U.S.C. §§ 371, 1030(a)(5)(A),1343, 1349

A true bill,

Foreperson

Filed in open court this 6th day

of April 2023.

Clerk

Bail $_____